Affirmed and Majority and Dissenting Opinions filed November 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01131-CR

___________________

 

Frances Unoka Nwosoucha,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 185th District Court

Harris County,
Texas



Trial Court Cause No. 1157990

 



 

 

DISSENTING OPINION

In my opinion, the trial court committed reversible
error when it denied appellant’s motion for continuance, and therefore we
should sustain appellant’s first issue.  Accordingly, I respectfully dissent.

Following are some reported facts about Hurricane
Ike:

            Hurricane Ike . . . was the third costliest
hurricane ever to make landfall in the United States. . . . . Ike made its
final landfall near Galveston, Texas as a strong Category 2 hurricane, with
Category 5 equivalent storm surge, on September 13, 2008, at 2:10 a.m. CDT. . .
.

            . . . Damages from Ike in U.S. coastal and
inland areas are estimated at $29.6 billion . . . . The hurricane also resulted
in the largest evacuation of Texans in that state’s history.  It became the
largest search-and-rescue operation in U.S. history.

Hurricane Ike, http://www.en.wikipedia.org/wiki/Hurricane_Ike
(last visited October 19, 2010) (footnotes omitted); see also Hurricane Ike Fast Facts (updated Dec.
2, 2008), http://www.HoustonHurricaneRecovery.org/node/163.

            The storm roared ashore hours before daybreak
Saturday with 110-mph winds and towering waves, smashing houses, flooding
thousands of homes, blowing out windows in Houston’s skyscrapers, and cutting
off power to more than 3 million people, perhaps for weeks.

            . . . .

Storm surge topped out at 15 feet

            Because Ike was so huge—some 500 miles
across, making it nearly as big as Texas itself—hurricane winds pounded the
coast for hours before and after the storm’s center came ashore.

Crews Fan Out to Search for Ike Victims, (Sept. 14, 2008,
updated 2:03 a.m. ET), http://www.MSNBC.MSN.com/id/26637482/.

In the present case, the following facts are set
forth in appellant’s sworn motion for continuance.

Appellant’s attorney’s law office was on Galveston
Island.  On September 11, 2008, he closed his office because of Galveston’s
mandatory evacuation order in advance of the September 13, 2008 landfall of
Hurricane Ike.  After Ike hit, Galveston Island was closed and appellant’s
counsel was unable to get back to his office for many days.  It was only after
appellant’s counsel prevailed in a lawsuit against Galveston that he was able
to gain access to the island and his office.[1] 

On return, appellant’s counsel found that his office had
been flooded with four feet of water.  Counsel’s office equipment, including
computers, sustained water damage.  One-third to one-half of his client files,
for approximately 250 clients, were water damaged.  In addition, the warehouse
where counsel stored many files was inundated with ten to twelve feet of water,
resulting in a total loss of most of those files.  Attached to the sworn motion
for continuance are pictures of the damage caused by Ike to counsel’s office
and warehouse.

Appellant’s counsel’s office had no electricity for
seventeen days, until September 29, 2008.  When counsel gained access to his
office, he began the herculean task of assessing his damages, including losses
to his client files, and cleaning up.  During the time counsel was excluded
from his office with no access to his files or scheduling orders, many deadlines
had passed, hearings were held, and orders were entered in cases he was
handling; he therefore devoted his law practice first to those matters that he
missed due to his absence, as well as to other client matters that were of an
emergency nature.  In addition to his office, counsel had his home on Galveston
Island to worry about.  He did not move back into his home until October 18,
2008, just two days before the trial in the present case.

            Appellant’s sworn motion for continuance
of the October 20, 2008 trial additionally states the following:

Counsel was simply not able to complete the process of
preparing for trial in this matter and has not been able to determine whether
the file survived in toto. . . .

            . . . Counsel has also determined that his
working folder/trial preparation/theory of case folder was damaged . . . . Counsel
is still culling damaged materials to determine whether there are other parts
of the client’s file that were compromised.

            . . . .

            . . . Because of the circumstances described in
this motion, counsel has been incapable of completing the preparation for trial
and cannot currently proceed to trial for a two week period. . . .

            . . . .

            . . . This case is a complex criminal matter. .
. . The State has made clear that it intends to call at least twenty physicians
and a review of the file reveals that multiple medical files will be used to
establish the State’s case. . . .

            . . . Without a sufficient period of time
between the storm and trial, counsel would be performing a disservice to the
client and this Court.

The State’s attorney had spoken with appellant’s
attorney by phone on September 29, 2008, and had learned that Hurricane Ike had
caused flood damage to the office.  Appellant’s attorney faxed the motion for
continuance to the State’s attorney on Thursday, October 16, 2008; the State’s
attorney stated she opposed the motion for continuance.  On Friday, October 17,
the State’s attorney showed a copy, albeit incomplete, of appellant’s motion
for continuance to the trial judge.  Even though the motion for continuance was
not officially filed with the court until the day of trial, Monday, October 20,
the court and the State’s attorney had both seen a copy of the motion for
continuance in advance. 

A hearing was held on the motion for continuance on
Monday, October 20.  After describing to the court the severe damage he had
incurred from Hurricane Ike, appellant’s counsel explained that for the past
three weeks, since his office was open again, he had been cleaning up and
getting his office organized, and he had been essentially practicing emergency
law, taking care of everything that was amiss as a result of his long,
unplanned absence from his office, such as missed deadlines, missed
appearances, and orders entered during his absence.  Appellant’s counsel
pleaded:

I recognize this Court told us in the last setting that
there would be no continuances, but I did not plan Ike and no one in the
Galveston community planned for a hurricane.

            I ask the Court to continue this matter so that
justice can be done.  It is literally impossible for me to go to trial this
morning without all of my file intact.  I spent most of this weekend trying to
locate the remaining portions of the file and have not been able to do so.

            . . . .

            I cannot, in good faith, cannot hold out to the
Court that I’m effective as from the Sixth Amendment standpoint.  I think it
denies my client her due process rights.  She’s entitled to effective
assistance of counsel.

The trial court denied appellant’s motion for
continuance.  The jury trial lasted more than two weeks.  Appellant was
convicted.

In her first issue, appellant asserts the trial court
erred in denying her motion for continuance.  In my opinion, the trial court
abused its discretion when it denied the motion.

A criminal action may be continued on the written
motion of the State or of the defendant, upon sufficient cause shown, which
shall be fully set forth in the motion.  Tex. Code Crim. Proc. art. 29.03.  When
denial of a continuance has resulted in representation by counsel who was not
prepared, the appellate courts have not hesitated to declare an abuse of
discretion.  See Heiselbetz v. State, 906 S.W. 2d 500, 511 (Tex. Crim.
App. 1995).  To find an abuse of discretion in refusing to grant a motion for
continuance, there must be a showing that the defendant was prejudiced by her
counsel’s inadequate preparation time.  See id.

Appellant’s counsel was clearly not prepared to
proceed to trial in this very complex criminal case.[2]  Not only were key
parts of his case file missing or damaged, including his trial
preparation/theory of case folder, but counsel simply had not had the
opportunity to focus on and prepare for this trial.  As judges, the longer we
wear our black robes, we must be on guard against the tendency to forget what
it is like to be in the trenches as a trial attorney.  Counsel’s office was
flooded with four feet of water and his warehouse was inundated with ten to
twelve feet of water, his files and equipment were submerged, he was banned
from his office and case files for a lengthy period of time, his home was not habitable.
 The present case was set for trial a mere three weeks after counsel’s power
was restored to his office.  Understandably, during those three weeks,
counsel’s focus was on cleaning up his office, drying out his files,
repairing/replacing equipment, finding files, handling clients’ immediate
needs, and dealing with missed deadlines and orders entered in his absence—he
was putting out fires.  And counsel’s damaged home required attention. Faced
with such nightmare circumstances, there is no doubt that appellant’s counsel
was totally credible in his representations to the court that he was not prepared
to proceed with the defense of his client in this complex case, and he needed a
continuance in the interest of justice.  Prejudice to appellant under these
circumstances can and should be deemed.

According to the U.S. Supreme Court,

            The matter of continuance is traditionally
within the discretion of the trial judge, and it is not every denial of a
request for more time that violates due process even if the party fails to
offer evidence or is compelled to defend without counsel.  Contrariwise, a myopic
insistence upon expeditiousness in the face of a justifiable request for delay
can render the right to defend with counsel an empty formality.  There are no
mechanical tests for deciding when a denial of a continuance is so arbitrary as
to violate due process.  The answer must be found in the circumstances present
in every case, particularly in the reasons presented to the trial judge at the
time the request is denied.

Ungar v. Sarafite, 376
U.S. 575, 589–90, 84 S. Ct. 841, 849–50 (1964) (citations omitted).  

            The Texas Supreme Court recognized the
devastating effect that Hurricane Ike had on the legal community when it issued
its September 17, 2008 Emergency Order Number 08-9140 and Opinion, stating:

            This past weekend, Texas was struck by
Hurricane Ike, resulting in the closure or inaccessibility of court clerks’
offices and lawyers’ offices.  The resulting exigencies should be considered in
enlarging time periods prescribed by the Texas Rules of Civil Procedure and the
Texas Rules of Appellate Procedure.

            . . . .

            . . . To provide clarity to the judiciary and
to the bar in this difficult period in the aftermath of a natural disaster, the
Court orders that the closure of a court clerk’s office is “good cause” for
enlarging the time of filing any document within the meaning of Rule 5, Tex. R.
Civ. P., and . . . [o]f course, there may be other good cause for an
enlargement of time, including the dislocation of counsel. . . .

            . . . .

            This Order is issued in response to a natural
disaster and is temporary.  It expires October 31, 2008, unless extended by
further Order of the Court.

In the spirit of this Texas Supreme Court Emergency
Order and Opinion, the trial court in the present case should have considered
the exigencies resulting from the closing of appellant’s counsel’s office and the
damage caused by Hurricane Ike, not only with regard to the timing of the
filing of the motion for continuance, but also with regard to the merits of the
motion.  Hurricane Ike and its aftermath presented extraordinary circumstances. 
The trial court abused its discretion in this matter.  

I would sustain appellant’s first issue, reverse the
judgment, and remand this case for a new trial.  

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice*

 

 

Panel
consists of Justices Brown and Christopher and Senior Justice Mirabal
(Christopher, J., majority). 

 

Publish
— Tex. R. App. P. 47.2(b).

 

 

___________________

  *Senior Justice Margaret Garner
Mirabal sitting by assignment.









[1] See Anthony P.
Griffin, et al. v. Mayor Lyda Ann Thomas, City Manager Steven Le Blanc, City of
Galveston; In the United States District Court for the Southern District of
Texas; Civil Action No. H-08-2801, filed on September 19, 2008.





[2] The jury trial lasted
from October 20 to November 5, more than two weeks.  In the guilt-innocence
phase, the State called thirty-nine witnesses, including thirteen medical
doctors.  The defense called seven witnesses.